Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6345 | **DATE** | 7/7/2010 |
| **CASE TITLE** | Mele vs. Lowes Home Centers, Inc. | | |

**DOCKET ENTRY TEXT**

The Court grants in part and denies in part Defendant's motion to dismiss [26]. Defendant must answer on or before 7/21/10. Status hearing set for 8/19/10 is stricken and reset to 7/28/10 at 8:30 a.m.

■ [ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

On April 23, 2010, pro se Plaintiff John Mele filed the present two-count Third Amended Complaint based on Title VII, 42 U.S.C. § 2000e, *et seq.*, against his former employer, Defendant Lowe's Home Centers, Inc. Before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants in part and denies in part Defendant's motion. Specifically, the Court dismisses Plaintiff's Title VII retaliation claim because it is not within the scope of his EEOC charge. The Court, however, denies Defendant's motion to dismiss Plaintiff's reverse sex discrimination claim because he has sufficiently alleged his claim under the federal notice pleading standards.

### LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)). Rule 8(a)(2) "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002)).

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007); *Justice v. Town of Cicero,* 577 F.3d 768, 771 (7th Cir. 2009) (court construes complaint in light most favorable to plaintiff drawing all reasonable inferences in his favor).

## BACKGROUND

Construing his pro se allegations liberally, *see McGee v. Bartow,* 593 F.3d 556, 565-66 (7th Cir. 2010), Plaintiff alleges that Defendant hired him as an Appliance Sales Specialist in June 2006. (R. 25-1; Third Am. Compl. at 5.) Defendant also hired two women at that time to work in the same capacity as Plaintiff and at the same store in Orland Park, Illinois. (*Id.*) Defendant required all three hires to attend an eight to twelve-week training seminar on Lowe's procedures and workplace policies. (*Id.*) In the training class, each employee learned how to operate a motorized lift, which is similar to an elevator lift with a platform in the front. (*Id.*) Each of the Appliance Sales Specialists obtained a certification to operate the lift in the store and an operator license after completing a driving test inside the Lowe's store with a Lowe's certified lift instructor. (*Id.*) Plaintiff asserts that company policy required all Appliance Sales Specialists to carry their lift operator license at all times and instructed them that if they did not follow all safety requirements when operating the lift they could be instantly terminated. (*Id.*)

Plaintiff further alleges that on a daily basis, the female Appliance Sales Specialists asked him and other male employees in various departments to operate the lift for them. (*Id.*) One of the female Appliance Sales Specialists refused to operate the lift and the other female Appliance Sales Specialist rarely, if ever, operated the lift. (*Id.*) Plaintiff further alleges that he approached Sales Manager Darrin and raised the issue of the disparate treatment between him and the female Appliance Sales Specialists. (*Id.*) Sales Manager Darrin questioned Plaintiff about his low sales numbers compared to the female Appliance Sales Specialists and Plaintiff replied that the reason for the difference was because the female Appliance Sales Specialists did not operate the lifts. (*Id.* at 6.) Plaintiff asserts that the Sales Manager did not take action on Plaintiff's remarks and that he continued to operate the lift as part of his sales routine. (*Id.*) On many occasions, Plaintiff returned to the appliance area after loading appliances for customers using the lift and was unable to make a sale because customers were already being helped or had already made purchases. (*Id.*)

Additionally, Plaintiff maintains that the female Appliance Sales Specialist's monthly sales numbers continued to beat his. (*Id.*) Bonus objectives for the Sales Manager and the Store Manager depended on store sales numbers and meeting the sales targets. (*Id.*) Plaintiff also alleges that he complained to management that he was not getting a helper to do his job like the female specialists and because he did not have a helper he could not write the same large volume of sales orders and get the same large paychecks that the female Appliance Sales Specialists did. (*Id.* at 7.)

Further, Plaintiff alleges that the two female Appliance Sales Specialists began telling Plaintiff's supervisor various things about him that were not true in an attempt to damage his reputation. (*Id.*) Plaintiff also alleges that his supervisors told Plaintiff that his position was being eliminated and offered him a demotion, which Plaintiff took. (*Id.*) Plaintiff alleges that later, however, management told him that the new position was only for eight hours and he was constructively discharged. (*Id.*)

On May 1, 2008, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging the following

> I began my employment with the above named Respondent on June 1, 2006. My current position is Sales Specialist. During my employment I was demoted and subjected to different terms and conditions of employment.
>
> I believe that I have been discriminated against because of my sex, male, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(R. 25-1; EEOC Charge.) The EEOC issued Plaintiff his right to sue letter on March 11, 2010.

**ANALYSIS**

**I.      Retaliation Claim Under Title VII**

Prior to bringing a lawsuit in federal court, a plaintiff claiming unlawful discrimination must exhaust all administrative remedies, including filing a charge of discrimination with the EEOC or authorized state or local agency. *See Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009); 42 U.S.C. § 2000e-5(e). A plaintiff may only bring the claims alleged in his EEOC charge unless the additional claims are reasonably related to those previously indicated; if the additional claims are not reasonably related then the federal court may not consider those claims. *See Swearnigen-El v. Cook County Sherriff's Dep't*, 602 F.3d 852, 864 (7th Cir. 2010); *Teal v. Potter*, 559 F.3d at 691.

In its motion to dismiss, Defendant argues that the Court should dismiss Plaintiff's retaliation claim because Plaintiff failed to properly exhaust his administrative remedies by not alleging a retaliation claim in his EEOC discrimination charge. The Court agrees. The EEOC discrimination charge form distinguishes between discrimination based on "sex" and discrimination based on "retaliation." Plaintiff did not mark the box for a retaliation claim. Additionally, Plaintiff has failed to allege any facts that would support a retaliation claim in his typed statement at the bottom of the EEOC charge. The Court therefore grants Defendant's motion to dismiss Plaintiff's retaliation claim because it is not reasonably related to his reverse sex discrimination claim and is outside of the scope of his EEOC Charge.

**II.     Reverse Sex Discrimination Claim Under Title VII**

In general, a plaintiff may prove intentional employment discrimination through either the direct method or under the indirect method of proof. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Winsley v. Cook County*, 563 F.3d 598, 604 (7th Cir. 2009). Using the indirect method of proof, a plaintiff must *eventually* establish a prima facie case proving the following four elements: (1) plaintiff is a member of a protected class; (2) plaintiff's performance met the employer's legitimate expectations; (3) plaintiff suffered an adverse employment action; and (4) plaintiff's employer treated similarly situated employees outside of the protected class more favorably. *See Swearnigen-El*, 602 F.3d at 860; *Martino v. MCI Comm. Servs., Inc.*, 574 F.3d 447, 453 (7th Cir. 2009). When a plaintiff is a member of the majority, such as a male plaintiff alleging sex discrimination, to establish his prima facie case he must present evidence showing that the employer discriminates against the majority. *See Farr v. St. Francis Hosp. & Health Ctrs.,* 570 F.3d 829, 833 (7th Cir. 2009). Nevertheless, the indirect method – as well as the direct method – of proving intentional discrimination are evidentiary standards, *not* pleading requirements. *See Swierkiewicz*, 534 U.S. at 506. Under the federal notice pleading standards, a plaintiff sufficiently alleges an employment discrimination claim by stating the basic principles of his claim. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008).

In the present motion, Defendant argues that Plaintiff has failed to sufficiently allege a claim for reverse sex discrimination because he does not plead each prima facie element under the indirect method of proof under *McDonnell Douglas*. As discussed, however, a plaintiff need not allege a prima facie case to survive a motion to dismiss because proving these elements is an evidentiary standard of an employment discrimination claim not a pleading standard. *See Swierkiewicz,* 534 U.S. at 506 ("The Court has never indicated that the requirements for establishing a prima facie case apply to pleading.").

Instead, Plaintiff has sufficiently alleged his reverse sex discrimination claim putting Defendant on notice of his claim and the grounds upon which it rests. *See Twombly,* 550 U.S. at 555; *Conley,* 355 U.S. at 47. Specifically, Plaintiff alleges that unlike his female co-workers who had the same job responsibilities, supervisors, and training, he operated the motorized lift, whereas his female co-workers did not. As a result of operating the lift for his female co-workers, Plaintiff did not have the opportunity to make as many sales as they did. Further, Plaintiff alleges that after he talked to various supervisors, including Sales Manager Darrin – putting them on notice of his female co-worker's refusal to operate the lifts – management did not take any actions to remedy the situation. Plaintiff not only alleges that he made less money based on his lack of opportunity to make as many sales as his female co-workers, he also alleges that he was demoted and constructively discharged. *See Lewis v. City of Chicago Police Dep't,* 590 F.3d 427, 436 (7th Cir. 2009) ("terminations, demotions or salary cuts are materially adverse actions").

Construing these detailed allegations as true, the alleged reverse discrimination claim is plausible on its face because the Court could draw the reasonable inference that Defendant is liable for this alleged misconduct. *See Iqbal*, 129 S.Ct. at 1940. Moreover, this is a straight-forward employment discrimination claim, and thus the amount of factual allegations are sufficient to state a plausible claim for relief. *See Cooney v. Rossiter,* 583 F.3d 967, 971 (7th Cir. 2009) (amount of factual allegations required to state a plausible claim for relief depends on complexity of legal theory).